# IN THE COURT OF APPEALS OF TENNESSEE,
## AT NASHVILLE

_____

**FILED**

**October 23, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JIMMY L. HOBBS**, | ) | Sequatchie County Circuit Court |
| | ) | No. 6827 |
| Plaintiff/Counter-Defendant/Appellant, | ) | |
| | ) | |
| VS. | ) | C.A. No. 01A01-9801-CV-00015 |
| | ) | |
| **ANN MARIE HOBBS**, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff/Appellee. | ) | |
| | ) | |

_____

From the Circuit Court of Sequatchie County at Dunlap.
**Honorable J. Curtis Smith, Judge**

**Jimmy L. Hobbs**, Pro Se

**M. Keith Davis,** Dunlap, Tennessee
Attorney for Defendant/Counter-Plaintiff/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**HIGHERS, J.**: (Concurs)

On September 23, 1996, Jimmy L. Hobbs filed a complaint in the Circuit Court of Sequatchie County seeking an absolute divorce from his wife Ann Marie Hobbs. As grounds for divorce, he alleged both irreconcilable differences between the parties and inappropriate marital conduct on the part of Mrs. Hobbs. On October 11, 1996, Mrs. Hobbs filed an answer and counter-complaint for divorce. Mrs. Hobbs' counter-complaint, however, failed to allege any grounds upon which an absolute divorce could be granted. This omission apparently was not discovered by the trial judge or either party's counsel prior to trial. An answer to Mrs. Hobbs' counter-complaint was filed by Mr. Hobbs on January 29, 1997.

The matter came to be heard by the trial court on May 27, 1997. Prior to the presentation of proof, counsel for Mr. Hobbs announced to the court that his client wished to voluntarily dismiss his complaint for divorce and to contest Mrs. Hobbs' counter-complaint. Without objection, the trial court proceeded to hear proof regarding Mrs. Hobbs' grounds for divorce. At the conclusion of Mrs. Hobbs' proof, counsel for Mr. Hobbs made an oral motion to dismiss the counter-complaint which was denied by the trial court. Mr. Hobbs then testified regarding the grounds alleged by Mrs. Hobbs. Thereafter, the trial court granted an absolute divorce in favor of Mrs. Hobbs. After a recess, counsel for both parties announced that an agreement had been reached regarding the division of marital property and debts. A final decree was entered on June 17, 1997 which granted Mrs. Hobbs an absolute divorce "on the grounds alleged in [her] Counter Complaint for Divorce" and in accordance with the terms of the parties' agreement regarding the division of marital property and debts. On July 15, 1997, Mr. Hobbs filed a notice of appeal from the trial court's ruling.

On September 22, 1997, Mr. Hobbs' newly retained counsel filed a motion to set aside the final divorce decree accompanied by a consent order setting aside the same. Three days earlier, however, Mr. Hobbs had filed a letter with the trial court voicing his objection to the setting aside of the final decree. On September 25, 1997, Mr. Hobbs' appeal was dismissed by stipulation pursuant to Rule 15 T.R.A.P. Mr. Hobbs filed a second letter with the trial court on September 30, 1997 in which he again expressed his opposition to the setting aside of the final decree. On October 31, 1997, Mr. Hobbs filed a pro se motion with the trial court requesting a hearing on the consent order which set aside the final decree.

The matter was heard on December 1, 1997. Treating Mr. Hobbs' letter of September 19, 1997 as a motion to set aside the consent order, the trial court found that Mr. Hobbs had not agreed to the consent order and ordered that it be set aside. After explaining to the court the error regarding the omission of grounds in Mrs. Hobbs' counter-complaint, counsel for Mrs. Hobbs moved to amend the counter-complaint pursuant to Rule 15.02 of the Tennessee Rules of Civil Procedure to allege inappropriate marital conduct as grounds for divorce. Additionally, counsel for Mrs. Hobbs moved to amend the final decree of divorce pursuant to Rule 60.01[1] of the Tennessee Rules of Civil Procedure to reflect that the divorce was granted on grounds of inappropriate marital conduct. The trial court ruled in favor of Mrs. Hobbs on both motions. On December 8, 1997, Mr. Hobbs filed a notice of appeal. An order granting Mrs. Hobbs' Rule 15.02 and Rule 60.01 motions was entered on December 17, 1997.

ISSUES ON APPEAL

I. Did the trial court err in granting Mrs. Hobbs' counter-complaint for divorce?

II. Did the trial court err in permitting Mrs. Hobbs to amend her counter-complaint pursuant to Rule 15.02 of the Tennessee Rules of Civil Procedure to allege inappropriate marital conduct as grounds for divorce?

III. Did the trial court err in granting Mrs. Hobbs' motion to amend the final divorce decree pursuant to Rule 60.01 of the Tennessee Rules of Civil Procedure to reflect that the divorce was granted on grounds of inappropriate marital conduct?

ISSUE I.

After considering the proof presented by both parties, the court below granted Mrs. Hobbs' counter-complaint for divorce. The standard of review on appeal of a finding of grounds for divorce is de novo on the record, accompanied by a presumption of correctness. *See* T.R.A.P. 13(d); ***Hansel v. Hansel***, 939 S.W.2d 110, 111 (Tenn. App. 1996). Thus, we may not disturb the finding of the trial court absent a showing that it is contrary to the preponderance of the evidence.

---

[1]The motion could also be considered as a Rule 60.02 motion.

At trial, Mrs. Hobbs testified that over a period of three to five months, Mr. Hobbs engaged in a number of behaviors that caused her stress and resulted in her being unable to sleep. In particular, Mrs. Hobbs stated that her husband would knock things off of the walls, hit the walls, slam doors, and throw things through the house and would "scream and holler" at her. Additionally, Mrs. Hobbs testified that Mr. Hobbs once yelled at her about a fishing pole that her son may have borrowed. Mrs. Hobbs recalled another occasion where Mr. Hobbs allegedly forced her to make an audio recording saying that if she ever left him, she would pay half of the bills. Mrs. Hobbs also testified that in July or August, Mr. Hobbs "fixed" the air conditioner so that it would not turn on and caused her to be without air conditioning for at least two days. Mrs. Hobbs stated that on four or five occasions, Mr. Hobbs asked her to leave. She further stated that after she did finally leave Mr. Hobbs, he repeatedly made threatening phone calls to her in an effort to reconcile.

In response to Mrs. Hobbs' allegations, Mr. Hobbs testified that he did not try to prevent his wife from sleeping by hitting walls or slamming doors. Additionally, he denied ever threatening his wife over the telephone. Mr. Hobbs did, however, admit to cutting off the air conditioner for four days, arguing with Mrs. Hobbs quite a bit, and asking Mrs. Hobbs to leave the house on one occasion. Mr. Hobbs also testified that Mrs. Hobbs once hit him but stated that he did not retaliate.

The findings of the trier of fact dependent upon the credibility of the witnesses should be accorded great weight by the appellate court. *Town of Alamo v. Forkum-James Co.*, 327 S.W.2d 47 (Tenn. 1959); *Sisk v. Valley Forge Ins. Co.*, 640 S.W.2d 844 (Tenn. App. 1982). Upon reviewing this record, we do not find the evidence to preponderate against the trial court's finding that Mrs. Hobbs carried the burden of proving that she was entitled to be awarded a divorce.

ISSUE II.

Subsequent to the dissolution of the parties' marriage, it was discovered that Mrs. Hobbs' counter-complaint failed to allege any grounds for divorce. Accordingly, counsel for Mrs. Hobbs made an oral motion to amend the counter-complaint pursuant to Rule 15.02 of the Tennessee

Rules of Civil Procedure to allege inappropriate marital conduct as grounds. Rule 15.02 provides in pertinent part as follows:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

Tenn. R. Civ. P. 15.02. The trial court granted Mrs. Hobbs' motion to amend pursuant to Rule 15.02.

Under the language of Rule 15.02, the pleadings may be amended when issues not previously raised are tried by implied consent. The trial judge's determination with respect to the issue of implied consent must be upheld unless there has been an abuse of discretion. *See Zack Cheek Builders, Inc. v. McLeod,* 597 S.W.2d 888, 891 (Tenn. 1980); *Lapray v. Smith,* 804 S.W.2d 87, 91 (Tenn. App. 1990). In *Varley v. Varley,* 934 S.W.2d 659 (Tenn. App. 1996), the trial court granted an absolute divorce to the husband on grounds of adultery even though the husband's complaint for divorce alleged only inappropriate marital conduct and irreconcilable differences. Noting the wife's lack of objection to testimony regarding the alleged adultery, this court found that the issue of adultery had been tried by implied consent and upheld the trial court's ruling. *See Varley,* 934 S.W.2d at 665. In the instant case, despite the fact that no grounds for divorce were alleged in Mrs. Hobbs' counter-complaint, four witnesses testified solely on the issue of whether or not Mrs. Hobbs had grounds for divorce.[2] At no time during the hearing did Mr. Hobbs move to dismiss the counter-complaint for failure to state a claim or contend that it was improper for the court to entertain testimony regarding Mrs. Hobbs' grounds for divorce. Thus, we find that the issue of inappropriate marital conduct was tried by implied consent and hold that the trial court properly allowed Mrs. Hobbs to amend her counter-complaint to conform to the evidence at trial.

---

[2]The trial judge divided the hearing into two distinct parts. First, he heard testimony regarding grounds for divorce. Only after the trial judge made a ruling as to grounds did he allow testimony pertaining to the proper division of the parties' marital property and debts.

## ISSUE III.

In the final decree dissolving the parties' marriage, the trial court granted an absolute divorce to Mrs. Hobbs "on the grounds alleged in [her] Counter Complaint for Divorce." At the time that the decree was entered, however, Mrs. Hobbs' counter-complaint failed to allege any grounds. In order to clarify the record, counsel for Mrs. Hobbs made an oral motion to amend the final decree pursuant to Rule 60.01 of the Tennessee Rules of Civil Procedure. Rule 60.01 provides in pertinent part as follows:

> Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders.

Tenn. R. Civ. P. 60.01. The trial court granted Mrs. Hobbs' Rule 60.01 motion, allowing the amendment of the final decree to reflect the fact that the divorce was granted on grounds of inappropriate marital conduct.

In the instant case, the omission of grounds in Mrs. Hobbs' counter-complaint was apparently overlooked by both the parties and the trial judge. We conclude that this was precisely the sort of "oversight or omission" contemplated by the drafters of Rule 60.01. Accordingly, we hold that the trial court did not err in granting Mrs. Hobbs' motion to amend the final divorce decree pursuant to Rule 60.01.

For the foregoing reasons, the judgment of the trial court is in all respects affirmed. Costs of this appeal are taxed to Jimmy L. Hobbs.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

HIGHERS, J. (Concurs)