IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## JIMMY HOBBS v. ANN MARIE HOBBS

**Direct Appeal from the Circuit Court for Sequatchie County**
**No. 6827     Thomas W. Graham, Judge**

---

**No. M1999-00715-COA-R3-CV - Decided July 13, 2000**

---

Two years after a divorce, and eight months after the divorce decree was affirmed on appeal, the former husband filed a pro se motion asking the trial court to review new evidence and to find that he had been defrauded and denied his constitutional rights in the divorce proceeding. The trial court treated the pleading as a motion under Rule 60, Tenn. R. Civ. P., and held that the motion was (1) untimely and (2) not supported by the proof submitted by the movant. We affirm the trial court.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

CANTRELL, P.J., M.S., delivered the opinion of the court, in which KOCH and CAIN, JJ. joined.

Jimmy Hobbs, Dunlap, Tennessee, Pro Se.

M. Keith Davis, Dunlap, Tennessee, for the appellee, Ann Marie Hobbs.

### MEMORANDUM OPINION[1]

Mr. and Mrs. Hobbs were divorced by a decree of the Circuit Court of Sequatchie County on June 17, 1997. Mr. Hobbs appealed, and this Court affirmed the lower court on October 23, 1998. The Supreme Court denied permission to appeal on February 8, 1999 and the opinion can be

---

[1]Rule 10 of the Rules of the Court of Appeals reads as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

found at 987 S.W.2d 844 (Tenn. Ct. App. 1998). The Supreme Court of the United States denied Mr. Hobbs' petition for certiorari.

On June 18, 1999, Mr. Hobbs filed a motion in the circuit court asking the court to consider new evidence, and to hold that Mrs. Hobbs perjured herself in the divorce case, and failed to pay the debts the court ordered her to pay. The court conducted a hearing, heard Mr. Hobbs' testimony, and reviewed the documents he presented. The court concluded that the motion should be treated as a motion under Rule 60, Tenn. R. Civ. P., seeking relief from the prior judgment. But as the rule requires a motion seeking relief on the ground of fraud to be filed within one year of the judgment, the motion was too late. *See* Rule 60.02, Tenn. R. Civ. P. The court also considered the other general allegations of misconduct on the part of various lawyers and public employees, and found that the proof failed to support those allegations.

We concur in the findings and conclusions of the trial court. Although it is difficult to establish the specific relief Mr. Hobbs seeks, the ones that can be articulated are beyond the reach of Rule 60, which, in any event, come too late to be considered.

The judgment of trial court is affirmed, and the cause is remanded to the Circuit Court of Sequatchie County for any further proceedings necessary. Tax the costs on appeal to the appellant, Jimmy Hobbs.