IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
MAY 20, 2003 Session

## GLORIA J. GUINN v. LUCIOUS T. GUINN

**Direct Appeal from the Circuit Court for Shelby County**
**No. 157712 R.D.     George H. Brown, Jr., Judge**

_____

**No. W2002-02225-COA-R3-CV - Filed November 13, 2003**

_____

This is an appeal from a final divorce decree awarding Wife an absolute divorce on the ground of inappropriate marital conduct. This appeal comes to this Court without a record and only a statement of the evidence. For the following reasons, we affirm in part and remand for further findings consistent with this opinion.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. Frank Crawford, P.J., W.S., and Holly M. Kirby, J., joined.

Lucious T. Guinn, Jr., Germantown, TN, *pro se*

James V. Ball, Memphis, TN, for Appellee

### MEMORANDUM OPINION[1]

### Facts and Procedural History

Plaintiff Gloria Guinn ("Plaintiff") had been married to Lucious Guinn, Jr. ("Defendant") for seventeen years at the time of the November 2001 hearing for their divorce. Plaintiff worked as a teacher's aide. Though Defendant alleged inappropriate marital conduct by Plaintiff for increasing the couple's debt to credit card companies, Plaintiff testified that she only used them to pay for her

---

[1]       Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. – (b) The Court, with the concurrence of all judges participating in the case, my affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

living expenses, as Defendant would not give Plaintiff any money. The Plaintiff also testified that Defendant, during the course of the marriage, was violent and had been arrested for domestic violence. The parties further disputed whether Plaintiff had a gambling problem, though Defendant apparently presented no evidence of this other than his own testimony. The marital home of the parties held a value of $203,000, but there was a $55,000 mortgage taken out on the property to pay off the marital credit card debt. Plaintiff testified that her retirement account held a value of $17,000 while Defendant's retirement account was $45,273.73. The parties have no children with each other.

Plaintiff filed for divorce from Defendant on December 12, 1997, alleging irreconcilable differences and inappropriate marital conduct. Defendant counterclaimed alleging the same grounds for divorce. A final decree of divorce was issued by the trial court granting an absolute divorce to Plaintiff on the ground of irreconcilable differences.[2] Defendant appealed to this Court, and we vacated that judgment because no agreement for the equitable settlement of property rights had been reached, and, therefore, a grant of divorce for irreconcilable differences was inappropriate. *Guinn v. Guinn*, 2001 Tenn. App. LEXIS 248, at *8-15 (Tenn. Ct. App. 2001). After a second hearing on November 8, 2001, the trial court rendered another final divorce decree awarding Plaintiff an absolute divorce on the grounds of inappropriate marital conduct and equitably divided the property of the marriage. The division awarded Plaintiff half of the equity in the marital home, a portion of Defendant's retirement and investment accounts, and a portion of the personal property of the marriage. After this decision, Defendant moved for a new trial, which was denied by the trial court, and then appealed[3] to this Court, *pro se*, presenting the following issues[4] for our review:

I. Whether the trial court erred in awarding Plaintiff an absolute divorce rather than awarding Defendant an absolute divorce; and

II. Whether the trial court erred in equitably dividing the property of the marriage, including the retirement accounts of both parties, the credit card debt of the parties, and the marital home.

---

[2] That initial decree was later amended to grant Plaintiff a divorce on the ground of inappropriate marital conduct of Defendant. However, this Court ruled that the original order was void and the trial court should have granted Defendant's motion for relief from the final decree of divorce. *Guinn*, 2001 Tenn. App. LEXIS 248, at *11-15 (Tenn. Ct. App. 2001).

[3] No transcript was made at the November 2001 hearing, but the Defendant had a Statement of the Evidence approved by the trial court in November 2002 and filed this statement with the technical record. Plaintiff subsequently filed a motion to strike Defendant's Statement of the Evidence which originally was denied but granted upon reconsideration. On February 4, 2003, following this Court's order striking Defendant's Statement of the Evidence, Plaintiff filed a motion objecting to and correcting the Statement of the Evidence. This motion was granted and the Plaintiff's Corrected Statement of the Evidence was filed with this Court.

[4] Though Defendant did not follow the Tennessee Rules of Appellate Procedure in writing his brief, these are the issues he has presented this Court as we understand them.

Plaintiff also raises one additional issue[5] for this Court to consider:

III.     Appellant did not set out any issues presented for review in his briefs to the Court in accordance with the Tennessee Rules of Appellate Procedure.

For the following reasons, we affirm the trial court in part and remand for further findings.

## Standard of Review

In a non-jury trial, this Court utilizes a *de novo* standard of review with a presumption of correctness for the trial court's factual findings. Tenn. R. App. Proc. 13(d). This Court may not reverse a finding of fact by the trial court unless a preponderance of the evidence is otherwise. Tenn. R. App. Proc. 13(d); *Hobbs v. Hobbs*, 987 S.W.2d 844, 846 (Tenn. Ct. App. 1998); *Hansel v. Hansel*, 939 S.W.2d 110, 111 (Tenn. Ct. App. 1996); *Batson v. Batson*, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988). Additionally, in this case, no transcript of the November 2001 hearing was filed by Defendant upon his appeal, and this Court has only a brief statement of the evidence and the pleadings to review this decision.

## Proper Appeal of Defendant

We first address Plaintiff's argument that Defendant has not properly presented any issues for our review. This Court reiterates what we stated in our order denying Plaintiff's motion to dismiss. While we agree that Defendant's brief does not conform with the Tennessee Rules of Appellate Procedure or the Rules of the Court of Appeals, we recognize that Defendant is now proceeding *pro se* on this appeal and that this Court has relaxed the strict formalities of the rules in the past. *See, e.g., Paehler v. Union Planters Nat'l Bank*, 971 S.W.2d 393 (Tenn. Ct. App. 1997). Though Defendant has not formally listed issues in his brief for our review, the issues he presents for appeal are discernable from his argument. This Court has the discretion to relax the formal requirements of the rules for good cause, and we do so in this instance.

## Inappropriate Marital Conduct

Tenn. Code Ann. § 36-4-101(11) (2001) states that a ground for divorce exists where "[t]he husband or wife is guilty of such cruel and inhuman treatment or conduct towards the spouse as renders cohabitation unsafe and improper which may also be referred to in pleadings as inappropriate marital conduct. . . ." Unless the evidence preponderates against the trial court's findings, this Court must affirm the decision of the trial court awarding an absolute divorce to Plaintiff on the ground of inappropriate marital conduct. Tenn. R. App. Proc. 13(d); *Hobbs*, 987 S.W.2d at 846.

Our review of the record does not indicate that the evidence preponderates against the trial court's finding that Plaintiff carried the burden of proving her entitlement to a divorce on the ground

---

[5]    Plaintiff argues in her brief that Defendant is requesting this Court to review materials that were never introduced into evidence at the hearing. We shall address this issue when we review the trial court's division of the marital property.

of inappropriate marital conduct. In the statement of the evidence articulated by the Plaintiff and approved by the trial court, there are statements that Defendant was violent during the marriage and was, at one point, arrested by the Germantown Police Department for domestic violence. Though Defendant denied he committed such offenses against Plaintiff in his answer, "[t]he findings of the trier of fact dependent upon the credibility of the witnesses should be accorded great weight by the appellate court." *Hobbs*, 987 S.W.2d at 847 (citing *Town of Alamo v. Forcum-James Co.*, 327 S.W.2d 47 (Tenn. 1959); *Sisk v. Valley Forge Ins. Co.*, 640 S.W.2d 844 (Tenn. Ct. App. 1982)). Given the state of the record presented for our review, there is no evidence to contradict the finding of the trial court other than Defendant's denial. Therefore, this Court affirms the trial court's decision awarding Plaintiff an absolute divorce from Defendant.

In addition, there is also insufficient evidence to overturn the trial court's finding that Defendant should not be awarded a divorce from Plaintiff on the ground of inappropriate marital conduct. The only conduct Defendant alleges that could be considered grounds for a divorce would be Plaintiff's "secretive" use of credit cards, which increased the parties' debt. However, there is no evidence that such conduct caused pain, anguish or distress to Defendant or that it rendered cohabitation improper, unendurable, intolerable or unacceptable. *Bolin v. Bolin*, 99 S.W.3d 102, 105 (Tenn. Ct. App. 2002) (quoting *Earls v. Earls*, 42 S.W.3d 877, 892 (Tenn. Ct. App. 2000) (Cottrell, J., concurring)); *see Flanagan v. Flanagan*, 1997 Tenn. App. LEXIS 453, at *5-6 (Tenn. Ct. App. 1997). Therefore, this Court affirms the trial court's decision awarding an absolute divorce on the ground of inappropriate marital conduct to Plaintiff and denying award of a divorce on the same ground to Defendant.

## Property Division

Defendant next argues that the property division by the trial court was inequitable and improper. In reviewing a trial court's division of marital assets, we are mindful that the lower court is vested with broad discretion in dividing the marital property. *Batson v. Batson*, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988); *Flanagan*, 1997 Tenn. App. LEXIS 453, at *10. In this instance, Defendant appeals the property division of the marital home, the parties' retirement and investment accounts, and the credit card debt incurred by Plaintiff.

Because a mortgage was taken out on the parties' marital home to pay off the credit card debt, those two items may be addressed together. From the final divorce decree, it appears the trial court awarded each party half the equity in the martial home, which, in effect, places the burden of the credit card debt equally on both parties since the home's equity is reduced by the mortgage taken to pay the debt. Defendant contends that, because Plaintiff was responsible for incurring the debt, she should bear the entire burden of paying that debt. However, the statement of the evidence approved by the trial court supports the conclusion that Plaintiff used a credit card to pay for her living expenses because Defendant would not provide Plaintiff with any money. We find no error or abuse of discretion with this property division.

Next, Defendant argues that the trial court improperly handled the credit card debt and the mortgage payments on the home given that the parties had signed an agreement with each other deciding how such payments would be divided. However, it appears that such agreements were not entered into the evidence at trial. The scope of this Court's review is restricted to "facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14." Tenn. R. App. Proc. 13(c). Rule 14 allows this Court discretion to consider *post-judgment* facts. It would appear, from Defendant's brief, that such agreements were entered into in March 1997, *prior* to any divorce decree from which he appeals. Therefore, because these agreements cannot be judicially noticed and were never introduced into evidence at the hearing, this Court may not consider them.

Finally, Defendant argues that the trial court erred when it awarded $14,000 of his retirement and investment account to Plaintiff, while awarding him nothing from Plaintiff's retirement account which was valued at $17,000 according to the statement of the evidence. Tenn. Code Ann. § 36-4-121(b)(1)(B) (2002) states that "marital property" includes "the value of vested and unvested pension, vested and unvested stock option rights, retirement or other fringe benefit rights relating to employment that accrued during the period of the marriage." In this instance, the trial court awarded Plaintiff $14,000 from Defendant's retirement and investment accounts as "her fifty percent share" without stating whether this was half the increase in value or whether this amount was offset by the amount of Plaintiff's retirement account to which Defendant could have been entitled. It would appear that the trial court was attempting to divide the aggregate amount of retirement benefits equally between Plaintiff and Defendant. Plaintiff's retirement account was valued at $17,000 and Defendant's retirement account was valued at approximately $45,000. By awarding Plaintiff $14,000 from Defendant's retirement account, the result is each party receives $31,000 in retirement benefits. While this may be the most equitable division, given the state of the record on appeal, this Court is unaware of whether or not such retirement accounts accrued only during the marriage or whether they held a value prior to the marriage. The answer to this question affects the classification of the accounts as "separate" or "marital" property, and, therefore, could result in a different distribution between the parties. For these reasons, we remand this portion of the trial court's property division for further findings consistent with this opinion.

## Conclusion

For the foregoing reasons, we affirm in part and remand this case to the Shelby County Circuit Court for further findings on the issue of the division of the parties' retirement accounts. Costs are taxed one-half to Appellant, Lucious T. Guinn, Jr., and his surety, and one-half to Appellee, Gloria J. Guinn, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE