**James Frances HANSEL,
Plaintiff–Appellant,**

v.

**Eva Lee HANSEL, Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Oct. 3, 1996.

Permission to Appeal Denied by
Supreme Court Feb. 3, 1997.

Douglas R. Beier, Evans and Beier, Morristown, for Appellant.

H. Scott Reams, Taylor, Reams, Tilson and Harrison, Morristown, for Appellee.

## OPINION

McMURRAY, Judge.

This is an appeal from a judgment in a domestic relations action granting a divorce to the parties and dividing the marital assets. The single issue is whether gifts allegedly made to the appellant's daughter during the marriage should be included in the marital estate. We affirm the judgment of the trial court.

The record reflects that the parties were frugal during their marriage and accumulated a substantial amount of money, real estate and personal property. This appeal revolves around two certificates of deposit held, at the time of divorce, in the names of the husband and his daughter by a previous marriage.

We enter upon our review of the case pursuant to rule 13(d) of the Tennessee Rules of Appellate Procedure. Our review of findings of fact is de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. We note, however, that no presumption attaches to conclusions of law. *See Adams v. Dean Roofing Co.,* 715 S.W.2d 341, 343 (Tenn.Ct. App.1986).

The monies with which the certificates of deposit were acquired were, without question, marital property before the purchase of the certificates. The parties before their move to the Morristown area lived in Nashville. Upon moving to Morristown, the appellant transferred the parties' savings to Franklin Federal. The appellant testified that at that time his daughter's name was placed on some accounts. Later, the appellant moved the accounts to United Southern Bank to take advantage of a higher interest rate. At United Southern, the appellant purchased four certificates of deposit, three in the amount of $10,000.00 each and one in the amount of $40,000.00. One of the $10,000.00

certificates and the $40,000.00 certificate were held in the name of the appellant and his daughter by a previous marriage, Debra Feezell. Of the remaining certificates one was held jointly by the parties and the other jointly by the appellee and the appellant's daughter, Debra Feezell.

The court determined that all certificates of deposit were marital assets. The trial court awarded the two certificates that the appellant held jointly with his daughter to him as a part of the division of the marital estate. Appellant argues that these certificates were gifts to his daughter and should not have been considered a part of the marital estate. He contends that the appellee knew of the gifts and acquiesced in the purchase of the certificates.

The appellant relies upon the case of *Sanders v. Sanders*, 1992 WL 194578, (Tenn. App.1992) an unpublished opinion of this court filed in 1992. In *Sanders*, two automobiles were titled in the husband's name. It was shown in *Sanders* that title was held by the husband solely for insurance purposes. Both parties agreed that they intended the automobiles to be gifts to the children and that the automobiles were under the control of the children. The court held it to be error to include the value of the automobiles in the husband's portion of the division of the marital estate.

Here, unlike *Sanders*, there has been no showing that the certificates of deposit were ever delivered to or placed under the control of the appellant's daughter, Debra Feezell. Other than *Sanders*, the parties have directed our attention to no authority in this jurisdiction involving division of marital property under facts and circumstances similar to this case nor has our research revealed any. We will, therefore, examine the law relating to gifts in general to determine whether the certificates of deposits were gifts to the appellant's daughter.

■ The formal requirements of a gift are the intention by the donor to make a present gift coupled with the delivery of the subject of the gift by which complete dominion and control of the property is surrendered by the donor. *Lowry v. Lowry*, 541 S.W.2d 128 (Tenn.1976); *Arnoult v. Griffin*, 490 S.W.2d 701 (Tenn.App.1972).

■ The record before us is silent as to whether there was a delivery of the certificates of deposit to the appellant's daughter or that he surrendered control of the certificates to his daughter.

The general rule that the burden of proof rests upon the party who, as determined by the pleadings or the nature of the case, asserts the affirmative of an issue, finds application in actions with respect to gifts inter vivos or causa mortis, and accordingly, it has been held that the burden of proving that a gift was made, including the existence of all the elements necessary to its validity, is upon the donee *or the party asserting the gift.* (Emphasis added). . . .

38 Am Jur 2d, Gifts, § 92.

■ We agree with the above statement of law and hold that the burden of proving that there was a gift to the appellant's daughter was upon the appellant. We further find that the appellant has failed to meet this burden. The record fails to establish that there was a delivery of the certificates of deposit to the daughter or that the appellant relinquished dominion and control over the certificates. Delivery is necessary to perfect gifts. *Wilson v. Wilson*, 151 Tenn. 486, 267 S.W. 364 (1924). There is no delivery unless the complete dominion and control of the gift is surrendered by the donor and acquired by the donee. *Figuers v. Sherrell*, 181 Tenn. 87, 178 S.W.2d 629 (1944); *Lowry*, supra and *Arnoult*, supra.

■ The appellant testified that he intended the certificates of deposits to be gifts to his daughter. Evidence of intent, alone, is not sufficient to establish a gift. While it may be true that the appellant intended the certificates to be gifts to his daughter, the formal requirements of intent coupled with delivery have not been established. We agree with the trial court's findings that the certificates of deposit were marital property and a part of the marital estate.

We affirm the judgment of the trial court in all respects. Costs are taxed to the appel-

lant and this cause is remanded to the trial court for collection.

GODDARD, P.J., and SUSANO, J., concur.