# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 3, 2000 Session

## CITY OF LEBANON, TENNESSEE v. RAYMOND HARRIS

### Appeal from the Circuit Court for Wilson County
### No. 10543    Clara Byrd, Judge

---

### No. M1999-01025-COA-R3-CV - Filed October 10, 2001

---

This case involves the zoning and sign ordinances of Lebanon, Tennessee. Mr. Harris had placed small outdoor insulated metal storage buildings at several properties within the city of Lebanon. The buildings had on the sides information advertising his company and a phone number to contact him for information to buy or rent one of these buildings. He was fined for violations of the City of Lebanon ordinance allowing only one principal building and its customary accessory buildings on a lot and for violation of the sign ordinance. The circuit court reversed the city court's fines and held that the buildings were not principal buildings and that they were not portable signs. For the reasons below, we affirm the circuit court's decision in part and reverse in part.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed in Part, Reversed in Part and Remanded

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., and WILLIAM B. CAIN, JJ., joined.

Peggy Williams, Lebanon, Tennessee, for the appellant, City of Lebanon, Tennessee.

Anthony E. Hagan, Lebanon, Tennessee, for the appellee, Raymond Harris.

### OPINION

Mr. Harris is in the business of selling and leasing insulated metal outdoor utility/storage buildings. He placed these buildings on several properties in Lebanon, Tennessee with the permission of the owners/occupiers of the property. The buildings at issue in this case were located (1) on South Cumberland on a parcel occupied by Associates Capital, a lending institution, (2) on Sparta Pike, on property occupied by a truck stop and restaurant know as Uncle Pete's Truck Stop, and (3) on West Gay Street, on a lot occupied by a residential structure. The buildings on South Cumberland and Sparta Pike had banners tied to them that said "FOR SALE OR RENT INSULATED METAL BUILDING" and listed the office and mobile telephone numbers of Mr.

Harris. The building located on West Gay Street had painted on the building in stenciled letters "RENT OR BUY" and a telephone number.

On July 28, 1998, Mr. Harris was issued a single citation for two violations of the Lebanon City Code, chapter 2 § 14-207, allowing only one principal building and its customary accessory buildings on a lot. The citation was for the buildings he had place on the Associates Capital and Uncle Pete's lots. Then on August 24, 1998, Mr. Harris was issued a separate citation for violation of ordinance no. 98-1744 pertaining to illegal signs for the sign on the storage building situated on the residential lot on West Gay Street.

Mr. Harris was convicted in City Court and fined $700, $350 for each citation. He appealed to Wilson County Circuit Court raising the issue of the constitutionality of the sign ordinance. The trial court found that the portable buildings did not violate the principal building zoning provision, and that Mr. Harris had not violated the sign ordinance because the buildings were not portable signs. The court further found that even if the buildings could be considered portable signs, the sign ordinance was unconstitutionally vague and an illegal restraint of trade. The city appeals. For the reasons below, we affirm in part and reverse in part.

This is an appeal from a bench trial; therefore, our standard of review is governed by Tenn. R. App. P. 13(d). Under Rule 13(d), we must review the record *de novo* under the presumption that the findings of fact are correct "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). No presumption of correctness attaches to the trial court's conclusions of law. *Hansel v. Hansel,* 939 S.W.2d 110, 111 (Tenn. Ct. App. 1996).

Mr. Harris was cited for violations of two zoning ordinances, one pertaining to the number and types of buildings allowed on a lot and the other pertaining to the types of signs that may be displayed within the city limits. There was no material difference in the buildings or the advertising messages on them. The fact that the two citations for violation of the zoning or use ordinance related to placement on commercial property and the citation for violation of the sign ordinance related to placement on a residential lot does not appear to be material to the type of violation charged.[1] What is material, however, is whether the portable storage buildings, with advertising, should properly be considered "buildings" or "signs." Mr. Harris was fined for violation of an ordinance prohibiting buildings in certain circumstances and also fined for violation of an ordinance prohibiting signs of certain types in certain areas.

We must construe an ordinance as a whole, giving its words their natural and ordinary meaning. *Lions Head Homeowners' Ass'n v. Metropolitan Bd. of Zoning Appeals*, 968 S.W.2d 296, 301 (Tenn. Ct. App. 1997). We also construe zoning ordinances using the same rules and principles used to construe statutes, and must resolve any ambiguity in favor of an owner's unrestricted use of his or her property. *Id.*; *Whittemore v. Brentwood Planning Com'n, City of Brentwood,* 835 S.W.2d 11, 15-16 (Tenn. Ct. App. 1992).

---

[1]The city makes no such argument, and the language of the ordinances does not justify any such distinction.

We begin with an examination of both ordinances. First, the city has stated the purpose of its zoning ordinances as:

> promoting the public health, safety, morals, convenience, order, prosperity, and general welfare of the community. They have been designed to lessen congestion in the streets, to secure safety from fire, panic, and other dangers, to provide adequate light and air, to prevent the overcrowding of land, to avoid undue concentration of population, and to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements. . . . Advertising signs and billboards except those specifically permitted shall be removed as a nonconforming use within ninety (90) days from the date of adoption of the provisions of chapters 2 through 14 of this title.

Lebanon City Code § 14-202.

In furtherance of those purposes, the city has enacted various ordinances regulating land use. Among those is Lebanon City Code § 14-207, which Mr. Harris was charged with violating, which was designed to limit the number of uses on a single piece of property. It states, "Only one principal building and its customary accessory buildings may hereafter be erected on any lot." Additionally, the code delineates the difference between buildings, principal buildings and accessory buildings as follows:

> "Building." Any structure constructed or used for residence, business, industry, or other public or private purposes, or accessory thereto, including tents, lunch wagons, dining cars, trailers, billboards, signs, and similar structures whether stationary or moveable.
> (a) "Accessory building." A subordinate building, the use of which is incidental to that of a principal building on the same lot.
> (b) "Principal building." A building in which is conducted the principal use of the lot on which it is situated. In any residence district, any dwelling shall be deemed the principal building on any lot on which the same is situated. Carports and garages if permanently attached to the building are deemed a part of the principal building.

Lebanon City Code § 14-203(7).

The city interprets this ordinance as permitting only one primary use per lot and as limiting the structures thereon to one principal building and customary accessory buildings. We agree with that interpretation. Consequently, the city maintains that the storage buildings placed on the lots occupied by Associates Capital and Uncle Pete's violate the ordinance because they are neither the one primary building allowed nor a customary accessory building. Again, we agree, if the structures are properly classified under the ordinance as buildings.

3

The two lots in question already each contain the one principal building permitted by the ordinance: one is a financial institution and the other is a truck stop and restaurant. Therefore, the only way Mr. Harris's buildings would not be prohibited by the ordinance is if they were customary accessory buildings to the principal use or buildings on the lots.

The ordinance defines accessory building as one which is subordinate and whose use is incidental to the use of the principal building. The terms "accessory building" or "accessory use" are often found in land use ordinances.

> It is accepted zoning practice to allow certain accessory uses and structures on property that are related to the primary permitted uses. To this end, zoning ordinances generally provide that uses deemed "customarily incidental" to the main activity may be conducted on the same property. The purpose of accessory use provisions is to permit uses that are necessary, expected or convenient in conjunction with the principal uses of the land.

PATRICK ROHAN, ZONING AND LAND USE CONTROLS § 40A.01 (1992).

The storage buildings at issue herein were not related to the principal building on each lot. They were not used for storage or for any purpose by the owners of the lots or the businesses on the lots. Thus, there is really no question that their use was not necessary, expedient, convenient, or incidental to the principal use of each lot: a financial institution and a truck stop and restaurant. They had no relationship to the principal activity carried on on each lot. These empty storage buildings were not accessory buildings.

In making its argument that the storage buildings were not accessory buildings, the city characterizes them as "simply a shell placed on the property for the purpose of advertising the sale or rental of these storage buildings."[2] The city further argues:

> . . . this is simply a blatant attempt to place off-site advertising on this lot. There is nothing different between this storage building, which is not being used for storage, and putting a billboard on the property advertising Defendant's place of business. . . . This storage building is nothing more than a large sign being used to advertise the Defendant's business.

We agree with the conclusion to be derived from this characterization: these storage buildings were not incidental to the principal uses on the lots and were, therefore, not accessory buildings. The characterization, however, raises another issue: do the storage buildings, or large advertising signs, fall within the definition of those "buildings" which are prohibited by the particular ordinance which Mr. Harris was charged with violating?

---

[2]Mr. Harris also argues that the buildings are merely an advertising medium, a demonstrative sign.

4

The ordinance defines a "building" as "[a]ny structure constructed or used for residence, business, industry, or other public or private purposes, or accessory thereto, including tents, lunch wagons, dining cars, trailers, billboards, signs, and similar structures whether stationary or moveable." This definition would seem to include the empty storage buildings placed solely for advertising purposes on the lots in question. If they meet this definition, because they are not accessory to, and do not advertise, the businesses which are the principal use of the lots, they would be prohibited.

This issue is complicated only by the fact that the city charged Mr. Harris with violation of its sign ordinance based on his placement of exactly the same type building on another lot. In that citation, Mr. Harris was charged with placing a portable sign on a lot within the city limits. Lebanon City Code § 14-221 states that "[p]ortable signs are not permitted within the corporate limits of the City of Lebanon. . . ."[3] That ordinance defines portable signs as including:

> any commercial advertising sign or device, banner, counterbalance sign, trailer sign, or any variation thereof, located on the ground or suspended, easily moveable, not permanently attached thereto, and which is usually a two sided sign, and including any single or double surface painted or poster panel type sign, or any variations thereof which are temporary in nature.

The trial court made a specific finding that the storage buildings in question, or "outbuildings" as the court described them, were not portable signs. The court noted that although the buildings could be moved by means of a trailer or other equipment, they were not something an individual could pick up and carry away. The trial court's analysis comports with the ordinary definition of the word portable, which is defined as "capable of being carried; easily or conveniently transported; light or manageable enough to be readily moved." Webster's Third New International Dictionary (1968). The ordinance itself defines portable signs as "easily moveable." The evidence does not preponderate against the trial court's findings that the storage buildings are not easily moved.[4] Thus, the trial court's conclusion that the buildings are not "portable" within the meaning of the ordinance is affirmed.

However, the definition of "building" in Lebanon Municipal Code includes signs and similar structures "whether stationary or moveable." We find the storage buildings in question to be included in that definition. As the trial court stated, they are capable of being moved, with appropriate equipment or personnel. Therefore, we conclude that the placement of the storage buildings on lots already occupied by principal buildings and uses, when those structures or signs were not accessory to those principal uses, is prohibited by Lebanon City Code § 14-207. The trial court's finding that the storage buildings are not principal buildings does not preclude this holding.

---

[3]There are exceptions to this prohibition, and those exceptions were part of Mr. Harris's argument that the sign ordinance is unconstitutional.

[4]We do not consider the inclusion of "trailer signs" in the definition as inconsistent with the "easily moveable" requirement or the conclusion that the buildings at issue are not portable.

As explained above, the ordinance not only prohibits more than one principal building but also any structures which are not accessory to the principal building or use.

Having affirmed the trial court's finding that the storage buildings in question are not portable signs within the meaning of the sign ordinance, we affirm the trial court's dismissal of the citation against Mr. Harris for violation of that ordinance.[5]

In summary, we affirm the trial court's dismissal of the citation and fine for violation of the sign ordinance. We reverse the trial court's holding that the placement of storage buildings in question did not violate Lebanon City Code § 14-207. We remand for further proceedings, as necessary, on those citations and the fines therefor. The costs of this appeal are taxed equally to the City of Lebanon, and to Raymond Harris, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE

---

[5]It is, therefore, unnecessary to address the constitutionality of the ordinance.

6