IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 19, 2002 Session

## JANICE LEE EVANS v. THOMAS JEFFERSON EVANS, JR.

**A Direct Appeal from the Chancery Court for Henderson County**
**No. 12472     The Honorable Joe C. Morris, Chancellor**

**No. W2001-03037-COA-R3-CV - Filed January 14, 2003**

This is an appeal of a final decree of divorce involving issues of division of marital property, rehabilitative alimony, child support, and admission of evidence. Wife appeals. We affirm in part, reverse in part, and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and  Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Harold F. Johnson, Jackson, For Appellant, Janice Lee Evans

Carthel L. Smith, Jr., Lexington, For Appellee, Thomas Jefferson Evans, Jr.

### OPINION

Janice Lee Evans ("Ms. Evans," "Plaintiff," or "Appellant") and Thomas Jefferson Evans, Jr. ("Mr. Evans," "Defendant," or "Appellee") were married on March 12, 1983. This was the second marriage for both parties. Two children were born to the marriage, Brandley Jay Evans and Jeffrey Lee Evans.

Ms. Evans filed a Complaint for Divorce on September 25, 1998. At that time, Ms. Evans was 40 years old and Mr. Evans was 52. Ms. Evans' Motion for Leave to Amend Complaint was granted and an Amended Complaint for Divorce was filed on December 13, 1998. The Amended Complaint for Divorce cited irreconcilable differences and inappropriate marital conduct as the grounds. Mr. Evans answered the Complaint on January 12, 2000 and admitted all averments set forth in the Complaint except the inappropriate marital conduct.

This case was heard in the Chancery Court of Henderson County on August 31, 2000. On March 26, 2001, the Chancellor entered the following Findings of the Court (the "Original Findings"):

> 1. The Defendant owns as his own separate property two (2) tracts of land consisting of 169 acres. This property was inherited by the Defendant from his mother and has a value of $124,500.00. The Plaintiff's name was mistakenly placed on the deed, but this Court finds that she has no marital interest therein.
>
> 2. The parties have accumulated as marital property one-half (½) interest in 220 acres purchased by the parties from the Defendant's former wife. The Plaintiff is awarded one-half (½) of the equity of $17,925.00, in the amount of $8,962.50.[1]
>
> 3. The parties own 8.6 acres of pasture land in Decatur County, Tennessee, with a value of $4,300 and no indebtedness. Therefore, the Plaintiff is awarded one-half (½) interest in the amount of $2,150.00.
>
> 4. At the time of the parties' marriage, the Defendant owned a one-half (½) interest in two (2) tracts or parcels of land consisting of 56.5 acres and 27 acres, respectively, purchased from the Defendant's former wife . The Wife is awarded one-half (½) of the equity of $20,925.00, or the sum of $10,462.50.[2]
>
> 5. There is $25,000 in the Defendant's 401(k) plan, and the Plaintiff is awarded her marital interest in the amount of $12,500.
>
> 6. The Defendant owns a retirement account with the State of Tennessee in the amount of $34,000.00, and the Plaintiff is awarded her marital interest in the amount of $17,000.
>
> 7. The parties own certain farm equipment in the approximate amount of $23,400.00, and the Plaintiff is awarded her marital interest in the amount of $11,700.00.

---

[1] This paragraph was subsequently amended in the Amendment and Additional Findings of the Court, which was filed on October 30, 2001.

[2] Paragraph 4 was amended on April 5, 2001 in the Amended Findings of the Court. The amended version is used herein. On October 30, 2001, paragraph 4 was completely deleted in the Amendment and Additional Findings of the Court.

8. In 1999, the parties had total sales in the amount of $111,072.39 for timber, livestock and grain sales. Out of the above receipts, the parties spent $107,727.78 in expenses.

On April 12, 2001, the Final Judgment was entered. The Judgment granted the divorce, incorporated the Findings of the Court, and reads in pertinent part as follows:

...Plaintiff has no marital interest in the two tracts or parcels of land consisting of 169 acres that was [sic] conveyed to the parties by the Defendant's mother, and the same is awarded to the Defendant, and the Plaintiff will execute a Quit-Claim Deed accordingly.

IT IS FURTHER ORDERED BY THE COURT that the Defendant is awarded the two (2) tracts of land consisting of 215.9 acres and 3/4 of an acre purchased by the parties from the Defendant's former wife, Linda Evans, and the Defendant will pay to Plaintiff the sum of $8,962.50 for her one-half of the equity in the same, and the Plaintiff will execute a Quit-Claim Deed accordingly.

IT IS FURTHER ORDERED BY THE COURT that the Defendant is awarded the Plaintiff's marital interest in the 8.6 acres of real estate located in Decatur County, Tennessee, and the Defendant will pay to Plaintiff the sum of $2,150.00 for her one-half of the equity in the same, and the Plaintiff will execute a Quit-Claim Deed accordingly.

IT IS FURTHER ORDERED BY THE COURT that the Defendant is awarded the Plaintiff's marital interest in the two (2) tracts of land consisting of 56.5 acres and 27 acres respectively which the parties purchased from the Defendant's former wife, Linda Evans, and the Defendant will pay to Plaintiff the sum of $10,462.50 for her one-half of the equity therein, and Plaintiff will execute a Quit-Claim Deed accordingly.

IV.

IT IS FURTHER ORDERED BY THE COURT that the Defendant will pay to Plaintiff the sum of $29,500.00 representing her one-half interest in the Defendant's retirement and 401(k) accounts with the State of Tennessee.

V.

IT IS FURTHER ORDERED BY THE COURT that the Defendant will pay to Plaintiff the sum of $11,700.00 for her one-half interest in the marital farm equipment.

VI.

It appearing to the Court that the parties' younger child, Jeff Evans, will be eighteen (18) years of age on April 17, 2001, and the custody of said child is not an issue in this case, but the parties are liable for the support of said child until the child graduates from High School in the class he is presently in.

IT IS ORDERED BY THE COURT that the parties provide support for Jeff Evans until the child graduates from High School in the class he is presently in.

VII.

IT IS FURTHER ORDERED BY THE COURT that the Defendant assume the indebtednesses owing to the Co-op, the three (3) loans owing to Farmers Bank, and the debt owing on the combine in which he owns a one-half interest, and hold the Plaintiff harmless on said indebtednesses.

VIII.

IT IS FURTHER ORDERED BY THE COURT that the Plaintiff is not awarded alimony, rehabilitative or otherwise, because the Plaintiff is capable of making her own living without an alimony award.

On April 19, 2001, Ms. Evans filed a Motion for Clarification, for Additional Findings of Fact and Conclusions of Law, or in the Alternative, for a New Trial (the "Motion"). The Motion reads in pertinent part as follows:

Plaintiff, JANICE LEE EVANS, respectfully moves the Court for ...the factual basis and conclusions of law for the granting of the divorce to the parties;... for the factual basis and conclusions of law for the failure of the Court to decree child support for the younger child of the parties until the younger child of the parties, Jeffrey Lee Evans, graduates from high school; for the factual basis and conclusions of law for the failure of the Court to address the retroactivity of child support for the period of time that the younger child resided with the Plaintiff after emancipation of the older child

-4-

of the parties; for the factual basis and conclusions of law to award alimony or the failure of the award thereof; for specific findings of fact and conclusions of law for the failure of the Court to determine the responsibility of medical insurance coverage for the minor child of the parties; for specific findings of fact and conclusions of law that the Plaintiff's name was mistakenly placed on a deed of conveyance of real property from Defendant's mother to the Plaintiff and Defendant; for specific findings of fact and conclusions of law as to the source of the value of the real property referred to in numerical paragraph 2 of the Findings of the Court; for specific findings of fact and conclusions of law as to the value of the real property referred to in numerical paragraph 3 of the Findings of the Court; for the factual basis and conclusions of law for the failure of the Court to address the depletion of jointly owned assets since the separation of the parties; for the factual basis and conclusions of law for the failure of the Court to address the division of personal property belonging to the parties; for specific findings of fact and conclusions of law to indicate the basis for the Court's decision as to the value of the farm equipment; for the specific findings of fact and conclusions of law as to the Court's Findings that the parties spent $107,727.78 in expenses, or in the alternative, that the Court grant a new trial in this matter on all issues...

In response to Ms. Evans' Motion, the trial court entered an Amendment and Additional Findings of the Court on October 20, 2001 (the "Amended Findings"). The Amended Findings deleted paragraph four (4) of the Original Findings of the Court and amended paragraph 2 of the Original Findings to read as follows:

> 2. The parties have accumulated as marital property one-half (½) interest in four (4) tracts of land, 215.9 acres, 3/4 acre, 56.5 acres, and 27 acres, respectively, said one-half (½) interest purchased by the parties from the Defendant's former wife. The Defendant is awarded the Plaintiff's interest in said four (4) tracts of land, and the Plaintiff is awarded one-half (½) of the $38,850.00 equity, or the sum of $19,425.00.

The Amended Findings also supplied the following additional findings:

> 1. That the youngest child of the parties was 18 years of age on April 17, 2001, and the custody and support of that child was not an issue and nothing was produced into evidence on that matter. The parties were ordered to provide support for Jeff Evans until he graduates from High School, including, but not limited to, medical insurance to

be provided by Mr. Evans, and the parties to be responsible for one-half (½) of medical, dental and optical expenses not provided by insurance.

2. That Defendant is to assume a total indebtedness of $320,915.33 owed by the parties. This figure include the $62,775.00 the Defendant is to pay to the Plaintiff.

With the exception of the above clarifications and additions found in the Amended Findings, the Court overruled Ms. Evans' Motion by Order filed November 27, 2001.

Ms. Evans appeals, raising twenty-nine (29) issues for review. We perceive that there are, in fact, four (4) issues for our review. These issues are as follows:

I. Whether the trial court erred in failing to set a definitive amount of child support for the care and maintenance of the youngest child, Jeffrey Lee Evans?

II. Whether the trial court erred in failing to award alimony to Ms. Evans?

III. Whether the trial court erred in awarding certain real estate and farm equipment to Mr. Evans as separate property, and in failing to make a complete division of marital property?

IV. Whether the trial court erred in admitting real estate appraisals performed by Clark Blankenship?

**Whether the trial court erred in failing to set
a definitive amount of child support for the
care and maintenance of the youngest child,
Jeffrey Lee Evans?**

Ms. Evans asserts that the trial court erred in failing to order child support for Jeffery Lee Evans in a definite amount pursuant to the guidelines promulgated by the State of Tennessee Department of Human Services. We agree with Ms. Evans' position on this issue. In this case, the court chose to deviate from the child support guidelines because "the youngest child of the parties was 18 years of age on April 17, 2001 and the custody and support of that child was not an issue and nothing was produced into evidence on the matter." At the outset, we note that the issue of child support was properly before the court by virtue of Jeff Evans' age. T.C.A. § 36-5-101(e)(1)(A) states that:

In making its determination concerning the amount of support of any minor child or children of the parties, the court ***shall*** apply as a rebuttable presumption the child support guidelines as provided in this subsection. If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case...

(Emphasis added)

It appears that the trial court did not comply with the quoted statute in departing from the mandatory guidelines. It is necessary that the cause be remanded for any necessary proceedings leading to an award of child support in conformity with the guidelines or an adequate explanation for not doing so with finding of specific facts in support of the explanation.

### Whether the trial court erred in failing to award alimony to Ms. Evans?

Ms. Evans asserts that the trial court erred in failing to award rehabilitative alimony in this case. Specifically, Ms. Evans claims that the trial court ignored the factors outlined in T.C.A. § 36-5-101(d)(1) by basing its decision on the sole finding that Ms. Evans was capable of making her own living without the aid of alimony. Guidelines for the determination of alimony are set forth in T.C.A. § 36-5-101 (d). The trial court is afforded wide discretion concerning the award of alimony, and an appellate court should reverse the trial court's findings only in instances in which this discretion "has manifestly been abused." ***Hanover v. Hanover***, 775 S.W.2d 612, 617 (Tenn. Ct. App. 1989); ***Ford v. Ford***, 952 S.W.2d 824, 827 (Tenn. Ct. App. 1997). T.C.A. § 36-5-101(d) reads as follows:

(d)(1) It is the intent of the general assembly that a spouse who is economically disadvantaged, relative to the other spouse, be rehabilitated whenever possible by the granting of an order for the payment of rehabilitative, temporary support and maintenance. Where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (a)(3). Rehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony in solido and periodic alimony. In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term,

and manner of payment, the court shall consider all relevant factors, including:

(A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;

(C) The duration of the marriage;

(D) The age and mental condition of each party;

(E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

(G) The separate assets of each party, both real and personal, tangible and intangible;

(H) The provisions made with regard to the marital property as defined in § 36-4-121;

(I) The standard of living of the parties established during the marriage;

(J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L) Such other factors, including tax consequences to each party, as are necessary to consider the equities between the parties.

Separate assets and division of marital property are factors that must be considered in deciding whether to award alimony and what amount is sufficient. Because we must remand this case to the trial court for further proceedings concerning classification and distribution of property, we must also remand for further proceedings concerning whether alimony is warranted in light of the trial court's ultimate distribution of the property.[3] Therefore, we reverse the Order of the trial court, which granted Ms. Evans no alimony. We remand the case for further proceedings as may be necessary to determine whether Ms. Evans is entitled to alimony and, if so, what type and amount is sufficient.

### Whether the trial court erred in awarding certain real estate and farm equipment to Mr. Evans as separate property, and in failing to make a complete division of marital property?

Ms. Evans first asserts that the trial court erred in its finding that Ms. Evans' "name was mistakenly placed on the deed from Bernice Evans, mother of [Mr. Evans], to Tommy Evans and wife, Janice Evan." In addressing this issue, we first note that, in classifying the parties' property as either marital or separate, the trial court is vested with wide discretion, and its decision is entitled to great weight on appeal. *Fisher v. Fisher*, 648 S.W.2d 244, 246 (Tenn.1983); *Edwards v. Edwards*, 501 S.W.2d 283, 288 (Tenn. Ct. App.1973). In accordance with Rule 13(d) of the Tennessee Rules of Appellate Procedure, the trial court's classification and division of marital property enjoys a presumption of correctness and will be reversed or modified only if the evidence preponderates against the court's decision. *Lancaster v. Lancaster*, 671 S.W.2d 501, 502 (Tenn. Ct. App.1984); *Hardin v. Hardin*, 689 S.W.2d 152, 154 (Tenn. Ct. App.1983).

As noted *infra*, T.C.A. § 36-4-121(b)(1)(A) defines marital property as "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage." Under this definition, the approximately 169 acre farm conveyed by Bernice Evans to "Tommy Evans and Wife, Janice Evan" is marital property. However, Mr. Evans contends that this property was his inheritance from his father and, as such should be considered separate property. Despite the fact that certain property may have been acquired during the marriage, a party may rebut any presumption that the property is marital by demonstrating that the property actually was a gift to that spouse alone. A spouse's separate property includes property acquired "at any time by gift, bequest, devise or descent." T.C.A. § 36-4-121(b)(2)(D). Accordingly, if the spouse can show that the property was a gift, the gift is his or her separate property, regardless of when it was acquired. In a divorce case, as in other cases, the burden of proving that a gift was made is upon the donee or the party asserting the gift. *Hansel v. Hansel*, 939 S.W.2d 110, 112 (Tenn. Ct. App.1996).

After carefully reviewing the testimony of Mr. Evans, Ms. Evans, and Ms. Ivy, and after reviewing the Warranty Deed conveying the property to both parties, we do not find that Mr. Evans has met his burden in proving that this tract of land was a gift or bequest made solely to him. Rather, the plain language of the Warranty Deed, which we note was prepared by Mr. Evans' own sister,

---

[3] We discuss the issue of division of marital property *infra* under Issue 3.

-9-

shows a clear intent to creates an interest in both parties. We, therefore, conclude that the evidence preponderates against the trial court's finding that the inclusion of Ms. Evans' name on the deed was a mistake and that the property was a gift or bequest to Mr. Evans alone. Therefore, we hold that the property conveyed by Warranty Deed dated January 31, 1990 is marital property. As such, Ms. Evans is entitled to an equitable division thereof. Therefore, we reverse the Order of the trial court to the extent that it awards Mr. Evans this land as separate property. We remand for an equitable division of marital property to include this land and note that any encumbrances upon this tract of land should also be subject to equitable division between the parties.

Ms. Evans next asserts that the trial court otherwise failed to make an equitable division of marital property in this case. Specifically, Ms. Evans claims that the trial court failed to consider the material contributions she made to the marital estate as housewife, mother, wage earner, and caretaker, that the court failed to properly divided Mr. Evans' 401K plan and retirement account with the State of Tennessee, that the trial court failed to consider Mr. Evans' accumulated sick leave, that the court erred in failing to consider ownership of five (5) horses, a horse trailer, a fishing boat, and any debts accumulated during the marriage. T.C.A. § 36-4-121 addresses the distribution of marital property. The statute reads, in pertinent part, as follows:

> (a)(1) In all actions for divorce or legal separation, the court having jurisdiction thereof may, upon request of either party, and prior to any determination as to whether it is appropriate to order the support and maintenance of one (1) party by the other, equitably divide, distribute or assign the marital property between the parties without regard to marital fault in proportions as the court deems just.
>
> *      *      *
>
> (b) For purposes of this chapter:
>
> (1)(A) "Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of the filing of a complaint for divorce...
>
> *      *      *
>
> (2) "Separate property" means:
>
> (A) All real and personal property owned by a spouse before marriage;...

(D) Property acquired by a spouse at any time by gift, bequest, devise or descent...

Before dividing the marital estate in a divorce proceeding, the trial court must first classify the parties' property as either marital or separate property because only marital property is subject to the trial court's powers of equitable distribution. *Cutsinger v. Cutsinger*, 917 S.W.2d 238, 241 (Tenn. Ct. App.1995); *Brown v. Brown*, 913 S.W.2d 163, 166 (Tenn. Ct. App.1994). In the instant case, it appears to us that the trial court has failed to classify the above mentioned property and indebtedness as marital or separate property. We must, therefore, remand the case for further proceedings as are necessary to classify any remaining property as marital or separate and, after categorizing said property, to make an equitable division of the marital property.

Ms. Evans also disputes the trial court's findings concerning certain farm equipment, profits, and indebtedness. Specifically, Ms. Evans asserts that the trial court erred in failing to consider the value of a combine in relation to the debt on that combine, in failing to consider the value of a 3288 tractor in relation to the debt on that tractor, in failing to consider the value of crops in the field and the encumbrances on those crops, in failing to consider any profit realized from the sale of cattle, livestock, and grain, and in failing to consider certain debts incurred in the farming operation. From the record as a whole, we do not find that the trial court abused its discretion in awarding certain pieces of farm equipment to Mr. Evans as separate property. We, therefore, affirm the trial court as to the division of the farm equipment. However, we do find that the trial court did not fully address the question of whether any profits realized from the sale of cattle, livestock, and grain were marital assets subject to an equitable division between the parties, nor did the trial court fully address the issue of division of farm debt among the parties. We, therefore, remand the case for such further proceedings as may be necessary on the issue of farm profit and debt.

### Whether the trial court erred in admitting real estate appraisals performed by Clark Blankenship?

The trial court is afforded wide discretion in the admission or rejection of evidence, and the trial court's action will be reversed on appeal only when there is a showing of an abuse of discretion. *See Otis v. Cambridge Mut. Fire Ins. Co*., 850 S.W.2d 439 (Tenn. 1992; *Davis v. Hall*, 920 S.W.2d 213, 217 (Tenn. Ct. App. 1995).

Mr. Evans offered the testimony of Clark Blankenship on the issue of valuation of land and farm equipment. Counsel for Ms. Evans made a timely objection to this testimony, which was subsequently overruled. From the record, we find that Mr. Blankenship was not a licensed real estate appraiser; however, Mr. Blankenship had bought and sold land for many years and had personal knowledge of the market in that area. Ms. Evans offered no rebuttal witness on the issue of valuation of land and/or equipment but nonetheless objects to the trial court's allowing Mr. Blankenship to testify to the same. Again, we note that the admission or exclusion of evidence at trial is within the sound discretion of the trial court and will not be overturned absent a finding of abuse of such discretion. *Otis v. Cambridge Mut. Fire Ins. Co.* at 442. Additionally, "[a]ppellate courts should permit a discretionary decision to stand if reasonable judicial minds can differ

concerning its soundness." ***White v. Vanderbilt Univ.***, 21 S.W.3d 215, 223 (Tenn. Ct. App.1999)(citing ***Overstreet v. Shoney's, Inc***., 4 S.W.3d 694, 709 (Tenn. Ct. App.1999)). We concede that reasonable judicial minds could differ concerning whether to admit or exclude the testimony of Mr. Blankenship. Consequently, we hold that the trial court did not abuse its discretion in admitting this testimony.

For the foregoing reasons, the judgment of the trial court concerning the division of marital property is reversed and the case is remanded to the trial court for such further proceedings as are necessary to make an equitable division of all of the marital property (including, but not limited to, the 169 acre tract, farm profit and indebtedness, sick leave, retirement plans, horse trailer, horses, boat, and debts incurred during the marriage). The judgment of the trial court declining to award child support is reversed, and, since the case is remanded for further proceedings concerning the division of marital property, the judgment of the trial court denying an award of alimony is reversed to be reconsidered by the court in light of further proceedings necessary consistent with this Opinion. The judgment of the trial court is affirmed in all other respects. Costs of this appeal are assessed one-half against appellant, Janice Lee Evans, and her surety, and one-half to appellee, Thomas Jefferson Evans, Jr.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.