IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 21, 2007

## SARAH ELIZABETH FERGUSON v. JOHNNY WAYNE FERGUSON

**Appeal from the Chancery Court for Lawrence County**
**No. 11376-03     Jim T. Hamilton, Chancellor**

---

**No. M2005-02468-COA-R3-CV - Filed February 13, 2008**

---

Husband appeals the award of certain items of personal property to Wife in a divorce action. Husband and Wife lived together for many years prior to the marriage and acquired both personal and real property during their cohabitation in addition to the property each owned individually. Husband argues that there was no evidence to support a finding that items awarded Wife, specifically a Corvette, a boat, and a trailer, could be considered marital property or the separate property of Wife. Thus, Husband contends that the trial court erred in its distribution of assets. Finding no error below, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed.**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., joined. PATRICIA J. COTTRELL, P.J., M.S., filed a dissenting opinion.

J. Daniel Freemon, Lawrenceburg, Tennessee, for the appellant, Johnny Wayne Ferguson.

Gary M. Howell, Mt. Pleasant, Tennessee, for the appellee, Sarah Elizabeth Ferguson.

### MEMORANDUM OPINION[1]

#### I. FACTUAL BACKGROUND

This appeal concerns the division of various assets following the parties' decree of divorce.

---

[1]This opinion is issued pursuant to Rule 10 of the Rules of the Court of Appeals of Tennessee, which provides the following:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

At issue is whether the trial court's award of a Corvette and a boat and trailer to Wife was proper. We affirm the judgment of the trial court.

Sarah Elizabeth Ferguson ("Wife") and Johnny Wayne Ferguson ("Husband") lived together for approximately seventeen years before marrying in 2001.[2]  During the marriage, Husband was convicted of a felony and sentenced to imprisonment in federal prison.  Wife filed for an absolute divorce on May 5, 2003 based on Husband's conviction and prison sentence.[3]  The court granted a divorce pursuant to Tenn. Code Ann. § 36-4-129, finding "that the parties have agreed and stipulated that grounds for divorce exist" and ordered that two parcels of real property be sold and the proceeds be divided equally between Husband and Wife.  A hearing to address the distribution of the parties' remaining assets and debts was ordered to be scheduled at a later date.

The hearing was held on July 5, 2005.  Husband and Wife were the only witnesses.[4] Thereafter, the trial court entered its order specifying the division of assets and debts on September 21, 2005.  It stated, in pertinent part:

2.      That [Husband] is awarded the Chevrolet pickup and the Buick automobile.

3.      That [Wife] is awarded the Chevrolet Corvette automobile, the Lincoln automobile and the boat and trailer.

4.      That the balance of the personal property of the parties is awarded to the party in possession as of the date of this Order. . . .

Additionally, each party was ordered to pay the debts incurred in his or her individual name. Husband thereafter filed a Motion to Rehear pursuant to Tenn. R. Civ. P. 59.02 claiming that certain items awarded to Wife were owned by Husband before the parties' marriage or were gifts given to him by family before the parties' marriage.  Husband now appeals seeking a determination of whether the trial court correctly applied Tenn. Code Ann § 36-4-121 to the case: specifically, whether the trial court's awarding Wife the Corvette and boat and trailer was proper.  Wife argues on appeal that the trial court's award of the Corvette, the boat, and the trailer was justified as an award of alimony *in solido* pursuant to Tenn. Code Ann. § 36-5-102.

## II. STANDARD OF REVIEW

---

[2]Wife's Complaint, Husband's Countercomplaint, and the testimony of the parties indicate that they were married on May 18, 2001.  However, Husband asserts in his brief on appeal that the date of the marriage was actually May 18, 2002.

[3]Tennessee Code Annotated § 36-4-101(a)(6) states that "[b]eing convicted of any crime that, by the laws of the state, is declared to be a felony, and sentenced to confinement in the penitentiary[,]" is cause for divorce.

[4]Based on the joint stipulation of the parties and order of the trial court, the testimony given by Husband and Wife in their respective depositions constitutes the Statement of Evidence on appeal and is stipulated to accurately reflect the testimony and proof introduced at trial.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the trial court's findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The classification of property as either marital or separate property is a question of fact for the trial court. *Mitts v. Mitts*, 39 S.W.3d 142, 144-45 (Tenn. Ct. App. 2000). Therefore, the trial court's findings with respect to property classification are reviewed *de novo* with a presumption of correctness below. *Id.* at 144.

If the trial court made no findings of fact, an appellate court must conduct its "own independent review of the record to determine where the preponderance of the evidence lies." *Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn. 2000) (citing *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999)). A trial court's division of the marital estate will not be disturbed on appeal "unless the distribution lacks proper evidentiary support or results from an error of law or a misapplication of statutory requirements and procedures." *Thompson v. Thompson*, 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990).

The trial court is charged with equitably dividing, distributing, or assigning the marital property in "proportions as the court deems just." Tenn. Code Ann. § 36-4-121(a)(1); *Jolly v. Jolly*, 130 S.W.3d 783, 785 (Tenn. 2004). Because separate property is not subject to division in actions for divorce, a court must first classify the property at issue as either marital or separate. *Smith v. Smith*, 93 S.W.3d 871, 876 (Tenn. Ct. App. 2002); *Batson v. Batson*, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988). "Once classified, separate property is awarded to the party to whom it is separate in nature, and the marital property is divided between the parties in an equitable fashion." *Denton v. Denton*, 33 S.W.3d 229, 231 (Tenn. Ct. App. 2000).

### III. ANALYSIS

In its order, the trial court did not make express findings of fact regarding the classification of the property it awarded to Husband and to Wife. Accordingly, we review the record to see where the evidence preponderates. The crux of Husband's argument is that the trial court misapplied Tennessee Code Annotated Section 36-4-121 governing the equitable distribution of property in actions for divorce.

Tennessee Code Annotated Section 36-4-121(b)(2) defines "separate property" as:

(A) All real and personal property owned by a spouse before marriage, including, but not limited to, assets held in individual retirement accounts (IRAs) as that term is defined in the Internal Revenue Code of 1986, as amended;

(B) Property acquired in exchange for property acquired before the marriage;

-3-

(C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1);

(D) Property acquired by a spouse at any time by gift, bequest, devise or descent;

(E) Pain and suffering awards, victim of crime compensation awards, future medical expenses, and future lost wages; and

(F) Property acquired by a spouse after an order of legal separation where the court has made a final disposition of property.

Marital property on the other hand is defined as "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce...." Tenn. Code Ann. § 36-4-121(b)(1)(A).

Both Husband and Wife admit that none of the items at issue were purchased or acquired during the marriage. Husband therefore argues that the Corvette, the boat, and the trailer should be classified as separate property and should instead be awarded to him because there was no evidence that Wife owned the items prior to the marriage and thus, the trial court had no basis for awarding the items to her. On appeal, Husband admits there is some evidence by which to view the Corvette as a gift to Wife; however, Husband argues that the boat and trailer were his separate property and that there is no legal or factual basis to justify awarding the boat and trailer to Wife. Unless the court somehow considered them a gift to Wife, Husband contends, there simply is no evidence supporting this award. We disagree.

Unfortunately, there is virtually no testimony regarding Husband's and/or Wife's use of the boat and the trailer and there are conflicting accounts as to their whereabouts at the time of divorce.[5] Husband owned the boat and trailer before he and Wife were married but Wife named them among things the couple owned. Husband's table submitted in accordance with Rule 7 of the Rules of the Court of Appeals of Tennessee[6] claims that there was no valuation of the property at issue anywhere in the record (even though Husband said the boat was worth "forty-five") and is of little help in our analysis because no explicit classifications of any of the property were made.

---

[5]Husband alleged the boat and trailer were being held by Husband's daughter as a form of collateral for money she pays for Husband's expenses and to him while he is in prison. Wife claimed the boat and trailer were being stored either in a barn or a storage building owned by Husband's ex-wife.

[6]In domestic relations cases where the issue(s) on appeal involve the classification of property and/or the allocation of marital property, the party raising the issue shall include in their brief a table that "shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts." Tenn. Ct. App. R. 7 (2005).

What is helpful is the list Husband prepared at some point before May 19, 2004 of the items he was claiming as his separate personal property in the divorce. This list was entered as an exhibit at trial. Husband was very specific in the items he included. He listed several individual items of furniture, household goods, decorative objects, and kitchen items among other personal belongings such as clothes. As for larger items of personal property, Husband listed a riding lawn mower, a push mower, and the 1994 Lincoln automobile. Husband did not, however, list the boat, the trailer, or the Corvette. We believe this exhibit, created by Husband's own hand, is strong evidence that the parties considered the items at issue to be part of the marital estate.

It appears that, prior to the marriage, Husband purchased two vintage Corvettes, a 1969 model and a 1984 model. When asked what property she felt was hers to take from the marriage, Wife named the Corvette. She testified that "[Husband] had one for me and one for him" and when Husband sold his, "[h]e said we would keep mine." Husband sold the 1969 Corvette at some point before the parties divorced.

Wife admits that the Corvette was never titled in her name and that she did not take possession of it. However, Husband denied owning any interest in the 1984 Corvette at trial because he borrowed money from his daughter to purchase the vehicle and had not yet paid his daughter back. Husband claimed the Corvette was being held by Husband's daughter as collateral for his debt.[7] Nonetheless, Wife says the 1984 Corvette was often kept at her house and that Husband told her it was hers. Husband acknowledged that Wife drove the Corvette freely. The only testimony regarding its maintenance was Wife's statement that "we had a new motor put in" about six months before Husband was imprisoned.

Husband concedes Wife's testimony suggests that the Corvette was a gift to Wife but argues that the elements to perfect a valid inter vivos gift were not met. *See Hansel v. Hansel*, 939 S.W.2d 110, 112 (Tenn. Ct. App. 1996) (stating requirements of valid gift are intent by donor to make the gift and delivery by donor of gift). We agree with Husband that no actual delivery of title to the Corvette was made to Wife but as Husband points out, delivery may be actual or constructive. *See Collins v. Alexander*, 260 S.W.2d 414, 420 (Tenn. Ct. App. 1952) (noting that delivery for valid gift may be actual or constructive). Although the trial court did not expressly declare that the Corvette was an inter vivos gift to Wife, we find there was sufficient evidence to support the trial court's decision to award it to her on that basis.

Alternatively, we believe the evidence supports the award of the Corvette, as well as the boat and trailer, based on a finding that the items were gifts to the marital estate. There are instances where separate property can become part of the marital estate due to the parties' treatment of the separate property through the doctrines of commingling and transmutation. *Smith v. Smith*, 93

_____

[7]There are again conflicting accounts regarding the location and storage of the Corvette at the time of trial. While Husband claimed that the Corvette at issue was being held by Husband's daughter as collateral for his $6,000.00 debt, Wife indicated that the automobile was put in storage before Husband went to prison because he did not want it to be confiscated by the authorities.

S.W.3d 871, 878 (Tenn. Ct. App. 2002). Commingling occurs when one spouse's separate property is inextricably mingled with marital property or with the separate property of the other spouse during the marriage. *Id.* Transmutation occurs when separate property is treated in such a way as to give evidence of an intention that it become marital property. *Id.* "The rationale underlying both of these doctrines is that dealing with property in these ways creates a rebuttable presumption of a gift to the marital estate." *Id.* This "presumption can be rebutted by evidence of circumstances or communications clearly indicating an intent that the property remain separate." *Id.*

Our review of the record, made in the absence of express findings of fact, reveals that the evidence does not preponderate against the trial court's distribution of the property at issue. With respect to the Corvette, it appears the parties were jointly responsible for maintaining the vehicle and that both had free access to and use of the vehicle. The testimony coupled with Husband's own exclusion of the Corvette from his list of separate property justifies the trial court's classification of the vehicle as marital property and its division of assets. Although there was virtually no testimony regarding the parties' actual use of the boat and trailer, when asked whether it was ever Wife's boat, Husband said, "her boat and her furniture and my furniture and all of that is like she always said, ours. As long as we was together it was ours." Husband's testimony evidences an intent to treat the boat and the trailer as marital property which is further supported by the exclusion of these items from Husband's own exhibit of claimed separate property. Husband presented no evidence to rebut the presumption that he made gifts of the Corvette, the boat, and the trailer to the marital estate. As previously noted, this Court will not disturb the trial court's division of the marital estate "unless the distribution lacks proper evidentiary support or results from an error of law or a misapplication of statutory requirements and procedures." *Thompson*, 797 S.W.2d at 604. We find no such errors present.

We disagree with Wife's contention that the property awarded her was done so as a form of alimony *in solido*. Wife points to the complaint for divorce, which includes her request for spousal support among the general relief, as support for her position. However, the trial court never mentioned the word "alimony" in either its decree of divorce or its order outlining the division of assets. "Alimony *in solido* is an award of a definite sum of money, and the total amount to be paid is ascertainable at the time of the award." *Finn v. Bundy*, 2005 WL 418793, * 4 (Tenn. Ct. App. Feb. 22, 2005) (no Tenn. R. App. P. 11 app. filed) (citing *Burlew v. Burlew*, 40 S.W.3d 465, 471 (Tenn. 2001)). The determinative factor in deciding whether an award of alimony is *in solido* is the intent of the parties or of the court as expressed in the final order. *Id*. (citing *Bryan v. Leach*, 85 S.W.3d 136, 145 (Tenn. Ct. App. 2001)). Because the court made no expression of intent to award the Corvette, boat, and trailer as alimony, we decline to characterize these distributions as alimony.

## IV. Conclusion

We affirm the trial court's division of assets and the marital estate following the divorce of Husband and Wife. We find the evidence is sufficient to support a finding that the Corvette, the boat, and the trailer awarded Wife were in fact part of the marital estate and that the distribution of

assets was well within the discretion of the trial court. Costs of this appeal are assessed against the Appellant/Husband, Johnny Wayne Ferguson, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE